11-2905-cr
*United States v. Adrian Munoz Perez*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of August, two thousand twelve.

PRESENT:

      JOSÉ A. CABRANES,
      CHESTER J. STRAUB,
      PETER W. HALL,
            *Circuit Judges.*

─────────────────────────────────────────────

United States of America,

      *Appellee,*

         v.                          No. 11-2905-cr

Adrian Munoz Perez,

      *Defendant-Appellant,*

Urbano Munoz Perez, Edgar Munoz Hernandez,
Lorenzo Saucedo Xicotencal, Gustavo Munoz Perez,

      *Defendants.*

─────────────────────────────────────────────

**FOR DEFENDANT-APPELLANT:**      Darrell B. Fields and Barry D. Leiwant,
                                  Federal Defenders of New York, New York,
                                  NY.

**FOR APPELLEE:**                                    Emily Berger and Pamela K. Chen, Assistant
                                                        United States Attorneys, *for* Loretta E. Lynch,
                                                        United States Attorney, United States
                                                        Attorney's Office for the Eastern District of
                                                        New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Adrian Munoz Perez ("Munoz Perez") appeals from the July 15, 2011 judgment of conviction entered by the District Court, convicting him, following his guilty plea, of conspiring to transport illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Munoz Perez was sentenced principally to 36 months of imprisonment and three years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

On appeal, Munoz Perez argues that his sentence was based on an erroneous finding of fact and was therefore procedurally unreasonable. We review a criminal sentence for reasonableness, which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (*en banc*); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law). Where, as here, the defendant fails to raise his procedural objections to the district court at the time of sentencing, we review his claims only for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

In this case, Munoz Perez contends that his sentence was procedurally erroneous because it was based "to a substantial extent" on the District Court's concern that minors are victimized in the prostitution business, when there was no evidence in the record that the prostitution business operated by Munoz Perez involved any minors. But Munoz Perez both overstates the significance of the District Court's observations about harm to minors at the sentencing hearing and ignores other reasons the District Court articulated for imposing a sentence above the advisory Guidelines range of 24–30 months. Viewed as a whole, the record clearly demonstrates that the District Court decided to impose an above-Guidelines sentence based on the defendant's direct involvement in the prostitution and exploitation of vulnerable illegal immigrant *women*. App'x 76 ("I'm saying women because that's what was involved here . . . ."). We find no error, much less plain error, in that determination.

2

## CONCLUSION

We have considered all of Munoz Perez's other arguments on appeal and conclude that each of them is without merit.  Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court